Signed and Filed: October 31, 2012

_____
**THOMAS E. CARLSON**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br>HENRY BUNSOW,<br>     Plaintiff,<br>   vs.<br>STEVEN H. DAVIS, JEFFREY L. KESSLER, JOEL I. SANDERS, STEPHEN DICARMINE and JAMES R. WOODS,<br>     Defendants. | Adv. Proc. No. 12-3113 TEC |

**MEMORANDUM RE MOTIONS TO TRANSFER VENUE AND TO REMAND OR ABSTAIN**

On October 19, 2012, the court held a hearing on cross motions involving this removed state-court action. Plaintiff filed a motion to have the action remanded to state court. Defendants filed a motion to have this court retain jurisdiction and transfer venue to the Southern District of New York, where a related chapter 11 case is pending. Cecily A. Dumas and Ronald Jay Souza appeared for Plaintiff. Kathryn A. Coleman and Christopher Gartman appeared for Defendants Steven H. Davis, Joel I. Sanders, and Stephen DiCarmine. Adam A. Lewis appeared for Defendant Jeffrey L. Kessler. Upon due consideration, and for the reasons stated below,

MEMORANDUM RE MOTIONS TO TRANSFER
VENUE AND TO REMAND OR ABSTAIN        -1-

I determine that the motion for transfer of venue should be granted and that it should be left to the "home" bankruptcy court in which the related chapter 11 case is pending to decide whether the action should be tried in state court or federal court.

FACTS

Plaintiff Henry Bunsow (Plaintiff) is a partner in Dewey & LeBeouf LLP (Dewey), a law firm headquartered in New York City. Dewey is currently the debtor in a chapter 11 case filed in the Southern District of New York on May 28, 2012.

Defendants are partners and employees of Dewey.

Plaintiff filed an action in the San Francisco County Superior Court alleging that Defendants induced him to join Dewey in early 2011 by misrepresenting the financial condition of the firm. He claims that he suffered resulting damages in excess of $7 million, representing a now-lost capital contribution of $1.8 million and unpaid guaranteed compensation of $5.25 million. Plaintiff has not filed a claim against the Dewey law firm itself in the chapter 11 case.

Defendants removed the state-court action to this court, alleging that this court has subject-matter jurisdiction because the action is "related to" Dewey's chapter 11 case. This is so, Defendants contend, because all of the Defendants have contractual or statutory rights to be indemnified by Dewey for any amount they are required to pay as a result of Plaintiff's action. Defendants have timely filed proofs of claim in the Dewey bankruptcy case asserting their right to be indemnified, but those claims cannot be resolved until Plaintiff's action is resolved. Dewey has directors' and officers' liability insurance, and its insurers have

accepted coverage without a reservation of rights, but claims against Dewey exceed $350 million, and it is uncertain at this time whether the insurance coverage will be sufficient to cover all of the costs of defense and liability that could be imposed upon Defendants as a result of Plaintiff's action.

Defendants now seek to have this court transfer Plaintiff's action to the Bankruptcy Court for the Southern District of New York, where Dewey's chapter 11 case is pending. Plaintiff seeks to have this court remand the action to the San Francisco Superior Court.

DISCUSSION

1. Subject-Matter Jurisdiction

Section 1334(b) of the Judicial Code specifies that the federal bankruptcy jurisdiction extends to "all civil proceedings arising under title 11, or arising in or related to cases under title 11." "Related-to" jurisdiction has been interpreted to include any action that "could conceivably have any effect on the estate being administered in bankruptcy." In re Fietz, 852 F.2d 455, 457 (9th Cir. 1988). Courts have held that there is related-to jurisdiction over an action by one non-debtor against another non-debtor where the defendant has a contractual or statutory right to be indemnified by the bankruptcy estate for any loss suffered as a result of the action. In re Global Crossing, Ltd., Sec. Litig., 311 B.R. 345, 347 (S.D.N.Y. 2003); In re WorldCom, Inc. Sec. Litig., 293 B.R. 308, 317-24 (S.D.N.Y. 2003).

I determine that the bankruptcy court has subject-matter jurisdiction over this action under section 1334(b) and Fietz, because each of the Defendants has a strong claim to be indemnified

by the debtor by contract or by statute. Plaintiff does not contend otherwise.

2. Venue

Section 1409 of the Judicial Code governs venue for bankruptcy-related proceedings. Section 1409(a) provides that a proceeding may be commenced in the court in which the main bankruptcy case is pending, subject to certain exceptions not applicable here. Section 1412 of the Judicial Code authorizes this court to transfer venue over this proceeding to another district "in the interest of justice or for the convenience of the parties." Because the Southern District of New York is a venue proper under section 1409, and because the purpose of related-to jurisdiction is to advance the effective administration of the main bankruptcy case, I determine that if this proceeding is to remain in bankruptcy court, the proper venue is the Southern District of New York.

3. Remand or Abstention

Section 1452(b) of the Judicial Code provides that the court to which a bankruptcy-related claim or action has been removed "may remand such claim or cause of action on any equitable ground." Section 1334(c) provides the bankruptcy court broad authority to abstain in bankruptcy-related proceedings governed by state law:

> (1) Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.
> (2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced

> in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

Plaintiff argues that this court should remand this action to the San Francisco Superior Court for the following reasons: (1) Plaintiff's claims arise under state law; (2) Plaintiff's claims are non-core proceedings; (3) Plaintiff's claims cannot be tried in the bankruptcy court because Plaintiff has properly demanded a jury trial and does not consent to have that trial conducted in the bankruptcy court; and (4) Plaintiff's claims are subject to mandatory abstention because they can be timely tried in state court and because their timely resolution is not essential to the efficient administration of the Dewey chapter 11 case.

Defendants argue that neither abstention nor remand to the San Francisco Superior Court is appropriate for the following reasons: (1) trial in any California court is improper, because the Dewey partnership agreement provides that any action involving that agreement is to be tried in New York; (2) Plaintiff's action is a core proceeding that can be tried in a bankruptcy court; (3) Plaintiff's action will be resolved more quickly in the New York bankruptcy court than in the San Francisco Superior Court; and (4) prompt resolution of Plaintiff's action is necessary to the efficient administration of the Dewey bankruptcy case, because it is a step necessary for the resolution and payment of Defendants' indemnity claims against Dewey.

I determine that Plaintiff's arguments for remand are not necessarily persuasive and that the decision whether to abstain or remand should be decided by the Bankruptcy Court for the Southern

**MEMORANDUM RE MOTIONS TO TRANSFER VENUE AND TO REMAND OR ABSTAIN** -5-

District of New York.[1]  First, I find that it is not likely that the action will be tried promptly in the San Francisco Superior Court.  Plaintiff's evidence on that point does not take sufficient account of the effects of the budget crisis currently hampering the operations of the California courts.  Second, that the bankruptcy court cannot conduct a jury trial is not controlling.  The New York bankruptcy court could find other ways to resolve the action promptly.[2]  That court could adopt an aggressive alternative dispute resolution scheme.  The bankruptcy court could resolve the action by motion.  <u>Sigma Micro Corp. v. Healthcentral.com (In re Healthcentral.com)</u>, 504 F.3d 775, 786-87 (9th Cir. 2007).  The action could also be tried in the district court.  The District Court for the Southern District of New York has exercised jurisdiction over actions related to other large chapter 11 cases.  <u>Global Crossing, Ltd. Sec. Litig.</u>, 311 B.R. at 346-50; <u>WorldCom, Inc. Sec. Litig.</u>, 293 B.R. at 334.  Third, the bankruptcy court presiding over the Dewey chapter 11 case understands much better than this court the extent to which it is important to the effective administration of that case that Defendants' indemnity claims be resolved promptly.

---

[1] This court need not decide whether the choice-of-venue provision in the Partnership Agreement bars remand to the San Francisco Superior Court, because I determine that the New York bankruptcy court should determine whether it should abstain or remand in favor of *any* state court.  If the New York bankruptcy court determines that remand or abstention is appropriate, it can make whatever determinations are necessary regarding the choice-of-venue provision.

[2] This court assumes without deciding that Plaintiff's action is a non-core proceeding.

**MEMORANDUM RE MOTIONS TO TRANSFER**
**VENUE AND TO REMAND OR ABSTAIN**     -6-

CONCLUSION

Defendants' motion for transfer of venue is granted. Plaintiff's motion for abstention or remand should be decided by the New York bankruptcy court.

**\*\*END OF MEMORANDUM\*\***